PER CURIAM.*
| Jn September 2011, the Office of Disciplinary Counsel (“ODC”) filed a petition in this court seeking the immediate interim suspension of respondent, J. Renee Martin, on the ground that she poses a threat of harm to the public. The ODC’s petition was premised on one count of formal charges filed against respondent in January 2011 alleging that she allowed her client’s case to prescribe, and its receipt of other complaints against respondent in which her clients alleged that she failed to communicate with them and neglected their legal matters. The ODC further alleged that respondent failed to cooperate in its investigation of these complaints.
Based upon the information provided by the ODC, on October 14, 2011, this court ordered respondent to show cause before a hearing committee why she should not be placed on interim suspension for threat of harm to the public. Our order further provided, “The hearing shall be conducted on an expedited basis, and within ten days of the date thereof, the hearing committee shall file its report and recommendation in this court.”
The hearing committee conducted a hearing in this matter on November 16, 2011. Thereafter, one of the hearing committee members was removed for cause by the disciplinary board, and a new committee member was appointed. This member reviewed the record of this matter and deliberated with the other members of the committee. On May 10, 2012, the committee submitted its report to this |2court, concluding that respondent hád failed to cooperate with the ODC in some of the matters at issue. The committee made no findings on the merits of the complaints filed against respondent. Based solely upon the failure to cooperate, the committee recommended that respondent be placed on interim suspension.
In response to the committee’s report, respondent filed a motion seeking leave of court to file an objection, which we now grant. Among other arguments raised in this objection, respondent asserts that she is not a threat of harm to the public as a result of her past failure to cooperate.
DISCUSSION
We accept the hearing committee’s factual finding that respondent failed to cooperate with the ODC during its investigation in this matter.[1] However, this finding *393 does not necessarily lead to the conclusion that respondent poses a threat of harm to the public. The ABA’s Standards for Imposing Lawyer Sanctions provides that interim suspension is appropriate when the lawyer’s continuing conduct is causing or is likely to cause serious injury to a client or the public. As examples of serious injury warranting interim suspension, the Commentary to the ABA Standards cites the lawyer’s abandonment of his law practice or the ongoing conversion of trust funds.
The record does not support a finding that respondent’s actions are likely to cause a threat of serious harm to her clients or to the public. Indeed, respondent’s testimony indicates that on several occasions, her failure to appear before the ODC was due to scheduling conflicts resulting from her need to appear in court on behalf of her clients. While respondent could have made a more diligent effort to balance her client’s interests with her duty to cooperate with the ODC, we cannot say her actions were contumacious in nature, nor do they demonstrate a potential Rfor harm to the orderly administration of the disciplinary investigation. Therefore, without passing on whether respondent’s failure to cooperate rises to the level of a disciplinary offense, we conclude it does not constitute grounds for immediate interim suspension.
DECREE
For the reasons assigned, the petition for interim suspension for threat of harm to the public is denied. To the extent that any requests for information from the ODC remain outstanding at this time, respondent is ordered to furnish such information within thirty days.

 Chief Justice Kimball not participating in the opinion.

. The hearing committee made no factual findings with regard to the substantive allegations of the underlying complaints. We likewise make no findings in this regard.